**Nick PETERSON, Speridon, Simeonoff, Peder Nornes, Chris Russell and Eric Melhus, Appellants,**

v.

**STATE of Alaska, Appellee.**

No. 3813.

Supreme Court of Alaska.

Aug. 3, 1979.

Gerald W. Markham, Markham & Fischer, Kodiak, for appellants.

John G. Gissberg, Asst. Atty. Gen., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ., and COOKE, Judge.

## OPINION

PER CURIAM.

Appellants were convicted by a jury in the district court at Kodiak, Superior Court Judge Roy H. Madsen presiding, of commercial fishing in closed waters, a violation of 5 AAC 39.290(a).[1] Their convictions were affirmed by the superior court. On this appeal, they primarily contend that the trial court erred in denying their motion for judgment of acquittal. They argue that there was insufficient evidence to establish their identities as those involved in fishing

1. 5 AAC 39.290(a) reads as follows:
   Commercial fishing for salmon is prohibited at all times within the streams and rivers of Alaska and within a radius of 500 yards, both seaward and landward from a point beginning midway of a line between the seaward extremities of the exposed tideland banks at mean lower low water, of any salmon stream or as specified in regulations having particular application to designated streams or areas.

a gill net stretched across the Humpy River, a major pink salmon spawning stream in the southwest part of Kodiak Island. We hold that the trial judge did not err in denying the motion since fair-minded people, in the exercise of reasonable judgment, could differ on the question of whether guilt had been established beyond a reasonable doubt.[2]

We find no merit in the additional contention that the trial court erred in refusing to admit the testimony of a veteran Kodiak fisherman as to an alleged custom of cutting nets found in salmon streams. There must be a factual foundation for an expert's testimony.[3] The theory that these commercial fishermen went ashore for the purpose of cutting a freshly strung net in an isolated area located upstream of the mouth of the river so as not to be visible from a boat strains credulity. There was no factual basis established to the effect that these fishermen observed the net while fishing, and went ashore for the purpose of cutting it. Nor was there any plausible evidence of why during fishing hours they went ashore and came across a freshly strung net in this isolated area. We therefore need not address the question of whether the proposed testimony would otherwise have been admissible.

The convictions are AFFIRMED.

RABINOWITZ, C. J., not participating.

---

**2.** *Des Jardins v. State,* 551 P.2d 181, 184 (Alaska 1976).

**3.** *Widmeyer v. Southeast Skyways, Inc.,* 584 P.2d 1, 9 (Alaska 1978).